72,089-07

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 01
AUG 28 2015

Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

Aug. 23. 2015

Dear Clerk:

Please find enclosed denfendant's Application For Out-of-Time Appeal
With Mandamus to be Filed and Presented to the Court

Exhibit A is also enclosed as well

Please send me a Filed Stamp date showing when it was filed !!!

Thank You !!

Yours Truly
Robert K. Bowers

LLi

The State of Texas

The State of Texas
VS.

Ex Parte Robert K. Boulds
Appellant

In Criminal District Court
No. 176th Of
Harris County, Texas
Trial Cause No. 996316
WR-72,089-04

Motion For Leave To File
Out-of-Time Appeal
Tex. Code Crim. Proc. Ann. Art. 11.05, Art. 4.05.

To The Honorable Judge of Said Court: Art. 2.21

Now Comes, Appellant Robert K. Boulds, argue and offer into evidence an (Invalid Indictment cause No. 996316) objection against Criminal District Court No. 176th of Harris County Tx. for denying Appellant's Habeas Corpus 11.07 for relief and Submit this Motion For Leave To File Under Tex. Code Crim. Proc. Ann. Art. 11.05 and Art. 4.05. and respectfully moves this court to grant leave to file this Original Out-of-Time Appeal Application For Writ of habeas corpus under Tex. Code Crim. Proc. Ann. Art. 11.01 Art. 11.02 Art. 11.03 Art. 11.04 Art. 11.05 to be tendered contemporaneously with this motion, this motion is an objection against the Texas Board of Pardons and Paroles and Texas Department of Criminal Justice-Correctional Institution Division for having Appellant Boulds "ILLEGALLY RESTRAINED" and confined in his liberty at the William P. Clements Unit in Potter County, Texas this motion and application alleges Plain Error as well as Fundamental Error from the record under Rule 52.7 and in support of same will respectfully show this honorable court the following:

Ground One: Appellant is Actually Innocence of A VOID Judgement and his incarceration violates Due Process and the Eigth Amendment of the U.S.C.

CC:

P. 1 of

**Ground Two:** Appellant received Ineffective Assistance of Counsel Violating Appellant's Sixth Amendment of the U.S.C. and Appellant's Texas Const. Rights

## Statement Of Facts

The underlying Proceeding involves an NON-charging Instrument / VOID Indictment

Appellant contends his NON-charging instrument / VOID Indictment was not returned by a lawful grand Jury due to the fact that the TERM DATE is missing which is a Violation of Art. 32.01 Tex. Code Crime Proc. Foremore without the grand Jury's TERM DATE was there in fact any grand Jury empaneled on any given day in Harris County, i.e. Term of grand Jury was ommitted in the indictment cause No. 996316

Also there's NO ORIGINAL FILE STAMP of the district Clerk's office which is strong evidence that a returned indictment was not presented to the court within the meaning of Art. 20.21 Tex. Code Crim. Proc.

It also lacks the district attorney or one of his/her assistant's Signature. defect in Substance and Form-Violation of Art. 32.02-A trial court has authority to dismiss a charging instrument WITH PREJUDICE for a defect of Form or Substance

The trial court had no Subject or Personal Jurisdiction over appellant and the record does show that the trial court had NO Plenary Power, NO authority to act nor any Jurisdiction to try this case, Thus Dismissal WITH PREJUDICE is the only remedy.

The trial counsel Hal Hudson trial strategy of incompetence invoked an actual conflict of interest that was undisputed deficient by failure to familiarize himself with the Invalid Indictment cause No. 996316 counsel fail to object at Pretrial hearing under Tex. Code Crim. Proc. Art. 28.01(4) and failed to file motion to set aside the Invalid Indictment constituted ineffective assistance of counsel SEE Black V. State 816 S.W. 2d 350 (Tex. Crim. App. 1991)

## Prayer

Appellant prays that this honorable court grant leave in this Motion For leave To File Under Rule 72 to proceed in the Original Application of complaint of being "ILLEGALLY RESTRAINED" and confined by the above officials in the name of Justice and for Relief. Amen

C.C.:

## UnSworn Declaration

I, Robert K. Boulds #1311781 being Presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice in Potter County Tx. according to my belief declare under penalty of Perjury the facts stated in this motion are true and correct under V.T.C.A. Civ. Prac. + Rem Code X 132.001

Aug 23, 2015
DATE

_Robert K. Boulds #1311781_
Robert K. Boulds #1311781

## Certificate Of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above motion has been forwarded by the United States mail system Postage Pre-Paid to the following addresses:

The Court of Criminal Appeals
P.O. Box 12308 Captiol Station

Austin, Tx. 78711

Harris County Dist. Clerk
P.O. Box 4651
1201 Franklin ST.

Houston, Tx. 77210

Aug. 23, 2015
DATE

_Robert K. Boulds #1311781_
Robert K. Boulds #1311781

CC:

P. 3 of 3

The State of Texas
In The Court of Criminal Appeals of Texas
At Austin, Texas

In re Robert K. Boulds
        Relator,

  VS.                                    Case No. 996316

Hon. Judge Stacy Bond
Criminal District Court No. 176th
Harris County, Texas
            Respondent.

## Original Application For Writ Of Mandamus
Tex. Code Crim. Proc. Ann. Art. 4.04 and Tex. Const. 5. Sec. 5

### Jurisdiction + Venue

This is an Extraordinary Writ of Mandamus complaint authorized by this Original Application For Writ of Mandamus Pursuant to Tex. R. App. Proc. 72.1 Tex. Code Crim. Proc. Ann. Art. 4.04 is unable to pay court cost and initial filing fees is true and correct under the penalty of perjury. SEE 28 U.S.C. 1746 for Submission for en banc under Tex. R. App. Proc. 76 for want of Jurisdiction under Tex. Const. Art. 5, Sec. 5 Tex. Code Crim. Proc. Ann. Art. 4.04 Sec. 1 Tex. Const. 5. Sec. 5 Tex. Gov't Code 22.001(a) 1,2, 22.002, 22.221(a)(b), 22.225(b)(3)(c)(d) on request for a injunctive relief to remand. SEE Tex. R. App. Proc. 44. 2(A) Constitutional Error _____ and for relief.

  This Extraordinary Writ of Mandamus is an Order directing a public official to perform a duty exacted by law and will not issue to enforce a duty that is in any degree debatable. SEE State ex rel Wade V. Mays 689 S.W. 2d 898 (Tex. Crim. App. 1985)

CC:                        P. 1 of

## Rule 72 Extraordinary Matter

The Writ of Mandamus is an ancient Common law remedy, an original writ issued by a higher court to command a lower court to perform a particular duty, which results from the officials Station of the Party to whom the writ is directed or from the operation of positive law, to do or refrain from doing some act SEE In re McAfee 53 S.W. 3d 715, 718 (Tex. App-Houston 1st District).

## Issue Presented

Ground One: Relator Received Judicial Misconduct that violates Due Process of the Eigth Amendment and The Texas Const. Art.1 Sec.12

## Statement Of Fact

On April 28, 2015 the Relator Boulds filed a writ of habeas corpus Art. 11.05 to the Criminal District Court No. 176th of Harris County, Tx. argue and offered into evidence an Invalid Indictment cause No. 996316) objection against Judge Stacy Bond for failer to comply with the Tex.Code Crim. Proc. Art. 11.05. Statute that is a duty imposed on an official by law one which is clearly fixed and required by law. The Judicial Misconduct shows to be unequivocal unconstitutional and present; is abuse of discretion.

The Misconduct Act is subject to Extraordinary Relief when the law clearly spells out the duty to be performed by an official and this application for a writ of mandamus justify the extraordinary remedy when the Relator Boulds has no other adequate legal remedy available and the relief Sought is a ministerial act by the Respondent; as opposed to a discretionary one SEE State ex rel Wade V. Mays mandamus will lie to review Jurisdiction and Constitutional defects in a Judgement of Conviction; the record reveals that the Habeas Corpus Art. 11.05 has not been filed with the District Court. This Judicial Misconduct demonstrate an fundamental Miscarriage of Justice from Cruel and Unsual Punishment Art. 1.09 and Tex. Const. Art. 1 + 13. The original appellate proceeding seeking extraordinary relief is to include the exhibit complaint of the Original Application of Mandamus Rule 72.1 is attached to this Original habeas Corpus Art. 11.05 for the Court of Criminal Appeals to enforce it's Jurisdiction to Order the lower court to perform it's ministerial Art. 11.05 Statute duty.

## Prayer

Wherefore, Promises Made, Relator Prays that this honorable Court grant this Mandamus to compel the District to perform it's ministerial duty in this criminal law matter of Cruelty; in the name of Justice for relief. Amen

CC:

## UnSworn Declaration

I, Relator Robert K. Boulds #1311781 being presently incarcerated in the William P. Clements Unit of The Texas Department of Criminal Justice in Potter County, Texas according to my belief declare under penalty of perjury the facts stated in this Application are true and correct. V.T.C.A. Civ. Pract Rem Code § 132.001

Aug. 23, 2015
DATE

Robert K. Boulds #1311781
Robert K. Boulds #1311781

## Certificate of Service

I, Robert K. Boulds #1311781 do hereby certify that a true and correct copy of the above Application has been forwarded by the United States mail system postage Pre-Paid to the following addresses:

The Court of Criminal Appeals
P.O. Box 12308
Captiol Station
Austin, Tx. 78711

Harris County Dist. Clerk
P.O. Box 4651
1201 Franklin St.
Houston, Tx. 77210

Aug. 23, 2015
DATE

Robert K. Boulds #1311781
Robert K. Boulds #1311781

LP:

P. 3 of 3